UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| JUAN SALAZAR, et al.,<br><br>**Plaintiffs,**<br><br>v.<br><br>CENTURY ARMS, INC., and ROMARM, S.A.,<br><br>**Defendants.** | **Civil Action No. 2:22-cv-146**<br><br>**Jury trial requested** |

THIRD EX PARTE MOTION TO EXTEND TIME FOR SERVICE OF COMPLAINT

Plaintiffs hereby respectfully move the Court for an extension of time, under Fed. R. Civ. P. 4(m), within which to serve Defendant Century Arms, Inc.[1] The reason for this request is simple. Although Defendant Century Arms has not yet been served and has thus not appeared, counsel for Plaintiffs has attempted to discuss this request with counsel for Century Arms in order to provide the Court its position, but has not received a response yet. Counsel for Century Arms has not opposed the prior requests to extend the time for service. This is the third **and final** such request.

---

[1] Two sets of plaintiffs have brought the same allegations and claims against Century Arms in separate lawsuits, 1) the Towner Plaintiffs (Wendy Towner, et al) and 2) the Salazar Plaintiffs (Juan Salazar, et al). This motion is on behalf of the Salazar Plaintiffs, and an identical request is being submitted on behalf of the Towner Plaintiffs in their case. Also, Plaintiffs intend to amend at a later point to remove the foreign defendant Romarm, S.A.

1

Plaintiffs filed similar motions in October 2022 (Document 2) and February 2023 (No. 6) which the Court granted (Document No.s 3 and 8, respectively). The current time to serve under the Court's prior order is June 23, 2023.

The basis for this and the Plaintiffs' prior requests for an extension of time to serve the complaint was that a court in California was set to hear a dispositive issue that could make it not necessary to proceed here in this case. The court in California had initially scheduled a hearing on the dispositive issue for January 17, 2023. The case was subsequently reassigned to a different judge in California, who rescheduled the hearing. However, due to peculiarities in the California court system, the hearing did not get docketed. The parties have now submitted amended notices of motion and the proper papers to get the hearing docketed, although no date has yet been set. Plaintiffs are requesting an additional six months out of an abundance of caution and believe we will have a hearing well within that timeframe.

Plaintiffs recognize that this new service deadline would extend the time for service much longer than originally anticipated—indeed, 13 additional months total—but maintain that the additional time for service is in everyone's interest. **Plaintiffs will not seek any further extensions of time for service.**

### BACKGROUND

Plaintiffs have sued Defendant Century Arms in state court in California on the same claims as here. *Salazar et al. v. Century Arms, Inc.*, C.A. No. 20CV370523 (Calif. Super., Santa Clara Cnty.). Plaintiffs sued Century Arms in California, as that is where the injury occurred, and there are other pending claims against other defendants arising out of the same series of events.

Century Arms has not yet appeared in that California case, instead objecting on grounds of lack of personal jurisdiction. The Plaintiffs and Century Arms have been engaged in personal

2

jurisdiction discovery over the last year and had a date set for a hearing on whether the California court can exercise its jurisdiction over Century Arms. Although the issue of whether the California court has jurisdiction over Century Arms does not currently have a hearing date set, there is little reason to believe that the hearing will not occur within the next six months.

In the meantime, while the issue of personal jurisdiction in California remains pending, the Vermont statute of limitations on these claims had neared. To preserve the Plaintiffs' claims in Vermont while the fate of their claims in California remains challenged by Century Arms, Plaintiffs filed this case prophylactically to preserve the claims here in Vermont should the California court ultimately decide not to exercise its jurisdiction over Century Arms.

In the interest of judicial economy and reducing the burden on all parties, extending the time to serve Defendant Century Arms in this case will allow for the California court to reach a decision on whether the claims will proceed there or not. If proceedings go forward in California, Plaintiffs will likely dismiss this case. If they do not, Plaintiffs will then serve the complaint in this case.

In either instance, there is no pressing need for the parties or the Court to expend their resources until that time—hopefully within the next six months. We propose a service deadline of December 22, 2023 to allow for service after the California court's decision on personal jurisdiction.

Respectfully submitted,

**POWERS & POWERS P.C.**

*Adam Powers*

Adam L. Powers Esq.
1205 Three Mile Bridge Road
Middlebury, Vermont 05753
802-388-2211
adam@powerslawvt.com

**BRADY**

/s/ *signature*   June 22, 2023
_____
Philip Bangle (pro hac vice to be applied for)
840 First Street NE
Suite 400
Washington, DC 20002
202-370-8111
pbangle@bradyunited.org

4

**Certificate of Service**

Defendants have not been served with the Complaint and Summons. I certify that I have, however, provided counsel for Century Arms with a copy of this filing.

_____
Philip Bangle